UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK CORRIDORE,

    Petitioner,

v.

HEIDI E. WASHINGTON,

    Respondent.

CASE NO. 2:21-cv-10834

HON. PAUL D. BORMAN

MAG. ELIZABETH A. STAFFORD.

---

**Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus because Petitioner is no Longer in Custody**

## Motion

    Respondent, Heidi Washington, through her attorneys, Dana Nessel, Attorney General for the State of Michigan, and Eric R. Jenkins, Assistant Attorney General, moves this Honorable Court to dismiss Petitioner Frank Corridore's petition for writ of habeas corpus because the petitioner is no longer in custody for purposes of federal habeas relief. In support of this motion, Respondent states:

    1.    Corridore commenced this habeas action by filing a petition in this Court on April 14, 2021. (R. 1, Pet.).

2. Corridore raises four claims in his petition. (*See* R. 1, Pet., PgID 2–5.)

3. Corridore was convicted at jury trial of second-degree criminal sexual conduct, Mich. Comp. Laws §750.520c(1)(a) and was sentenced to 19 months to 15 years in prison.

4. However, at the time he filed his petition, Corridore was no longer imprisoned in the Michigan Department of Corrections, and was also no longer on parole. He is required to register as a sex offender and is subject to lifetime electronic monitoring. See Mich. Comp. Laws § 750.520c(2)(b); Mich. Comp. Laws § 750.520n.

5. The habeas statute clearly requires custody: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court . . . ." 28 U.S.C. §2254(a) (emphasis added).

6. Corridore is not in custody because he is required to register as a sex offender. This, courts have established, does not qualify under the custody requirement. *See Leslie, v. Randle*, 296 F. 3d 518, 522 (6th Cir. 2002); *Hautzenroder v. Dewine*, 887 F. 3d 737, 741 (6th Cir. 2018);

*Wilson v. Flaherty*, 689 F. 3d 332, 333 (4th Cir. 2012); *Henry v. Lungren*, 164 F. 3d 1240, 1242 (9th Cir. 1999).

7. Although seemingly an issue of first impression, nothing about Corridore's mandatory lifetime electronic monitoring requirement creates a greater restraint than the sex offender registration requirement, nor is lifetime electronic monitoring akin to parole. Lifetime electronic monitoring does not restrain an individual's freedom of movement such that it constitutes custody. Certainly, lifetime electronic monitoring creates no greater restriction than any other aspect of sex offender registration. Further, nowhere does Corridore demonstrate that lifetime electronic monitoring restricts his movement.

8. Therefore, this Court should dismiss his petition for a writ of habeas corpus because he is not in custody such that he is entitled to relief.

9. Pursuant to LR 7.1(a)(2)(C), concurrence in this motion was not sought because Corridore is an incarcerated prisoner proceeding *pro se*.

WHEREFORE, Respondent respectfully requests that this Honorable Court dismiss Corridore's petition because he is not in

3

custody. In the alternative, if this Court denies this motion, the State requests an additional 60 days in which to address the merits of the claims raised in the petition.

## Brief in Support of Motion to Dismiss because Petitioner is no Longer in Custody

**To be afforded relief under 28 U.S.C. § 2254 a habeas petitioner must be in custody. Frank Corridore is no longer imprisoned for his conviction for criminal sexual conduct second-degree, and he is not on parole. Therefore, he is not in custody and not entitled to habeas relief, and his petition should be dismissed.**

### I. Factual and Procedural Background

In January of 2016, then ten-year-old M.C. revealed that her paternal grandfather, Frank Corridore, had molested her over the Christmas holiday in 2015. The events which led to the disclosure commenced when Corridore began exchanging text messages with M.C. while she was at a sleepover at a friend's house. Corridore did not approve of M.C.'s friend, S.V. When he learned M.C. was staying with S.V., he asked her to go into the bathroom to Facetime. When M.C. called Corridore, he asked her to show him "what's down there." M.C. refused to comply as she had been made aware of the dangers of "sexting" from her mother.

M.C. told S.V. about the disturbing request. S.V. later told her own mother, who then contacted M.C.'s parents. When M.C.'s mother later asked her if anything had upset her at the sleepover, M.C. initially

denied that anything had, but then later disclosed Corridore's request. She then went on to "blurt out without prompting" that Corridore had put his hands down her pants on numerous visits to his house in Michigan. At trial, M.C. testified that this conduct had occurred during every visit with Corridore beginning when she approximately six years old.

As a result of his Oakland County jury-based conviction of criminal sexual conduct second-degree (Mich. Comp. Laws § 750.520c(1)(a)), Corridore was sentenced to nineteen months to fifteen years in prison. He is no longer serving that sentence and is not currently on parole.

Following his conviction and sentence, Corridore filed a claim of appeal in the Michigan Court of Appeals, through counsel, which raised the following claims:

> I. Mr. Corridore received ineffective assistance of counsel where his trial counsel failed to (1) present to the jury expert testimony of Dr. Katherine Jacobs, that Dr. Jacobs prepared for counsel well in advance of trial and yet trial counsel did not elicit any specific testimony from Dr. Jacobs about the facts and circumstances of Mr. Corridore's case; (2) object to inadmissible hearsay repetition of M.C.'s allegations and disclosures; (3) failed to object to credibility vouching statements and for actively eliciting improper credibility vouching

6

      statements. Counsel was also ineffective for eliciting opinion testimony about M.C.'s credibility; (4) object to improper credibility vouching testimony from prosecution expert Sarah Visger Killips; (5) counsel was ineffective for eliciting inadmissible expert testimony from a lay witness.

II.     The trial court erred in admitting credibility bolstering/vouching testimony over defense objection.

III.    Mr. Corridore was denied his rights to due process and a fair trial as a result of the prosecutor's misconduct and counsel was ineffective in failing to object to that misconduct.

IV.    The trial court improperly assessed 15 points for OV 10 and 25 points for OV 13. Mr. Corridore is entitled to resentencing pursuant to *Fransisco*.

V.     The trial court erred in denying Mr. Corridore's request for a *Ginther* hearing.

(Def.-Appellant's Br. on App., p. ii, Mich. Ct. App. No. 338670.)

The Michigan Court of Appeals affirmed Corridore's conviction in an unpublished opinion. *People v. Corridore*, No. 338670, 2019 WL 2711227, at *1, 15 (Mich. Ct. App. June 27, 2019).

Corridore subsequently filed an application for leave to appeal in the Michigan Supreme Court, which attempted to raise the majority of the claims that were raised in the Michigan Court of Appeals.[1] (Def.-

---

[1] Corridore did not raise his Claim IV from the Michigan Court of Appeals.

7

Appellant's Appl., i.)  The Michigan Supreme Court denied relief because it was not persuaded that the questions presented should be reviewed by the court.  *People v Corridore*, 941 N.W. 2d 53 (Mich. 2020).

Corridore did not appeal to the United States Supreme Court or seek collateral review before the trial court.  Rather, he filed the instant petition for habeas relief, which raises the following claims:

I. Lifetime electronic monitoring as applied in Michigan constitutes "custody" for purposes of habeas corpus jurisdiction.

II. Petitioner Corridore was denied his right to due process and a fair trial as a result of the prosecutor's misconduct and counsel was ineffective for failing to object to that misconduct.

III. Petitioner received ineffective assistance of counsel resulting in actual prejudice where his trial counsel (1) failed to present to the jury expert testimony from Dr. Katherine Jacobs that was specific and relevant to the instant case; (2) failed to object to inadmissible hearsay repetition of M.C.'s accusations; (3) failed to object to credibility vouching statements and elicited opinion testimony about M.C.'s credibility; (4) failed to object to improper credibility vouching testimony from prosecution expert Sarah Visger Killips; (5) Elicited inadmissible expert testimony from a lay witness.

IV. The state courts acted unreasonably by refusing to hold a requested evidentiary hearing on ineffective assistance of counsel.

On April 19, 2021, this Court issued an order requiring that Respondent file a responsive pleading. (R. 2, 4/19/21 Order, PgID 151.) Pursuant to this order, the State now files this motion to dismiss and brief in support, and, for the reasons stated herein, requests that this Honorable Court dismiss Corridore's petition because he is not in custody for purposes of 28 U.S.C. § 2254.

## II. Argument

Justice Blackmon asked the fundamental question that this Court is now tasked to answer: "The Court now seems to equate custody with almost any restraint, however tenuous. *One wonders where the end is.*" *Hensley v. Municipal Court*, 411 U.S. 345, 354 (1973) (Blackmun, J., concurring) (emphasis added). The State avers that lifetime electronic monitoring does not constitute custody. Thus, there is an end to the type of restraint equated to custody. However, Corridore claims that he is currently in custody despite his prison and parole sentence expiring because he is subject to lifetime electronic monitoring. To do this, he ignores precedent that focuses chiefly on physical restraint. Instead, he strives to equate "custody" with *any* restraint of any kind. The cases finding that sex offender registration does not constitute custody make

9

it clear that Corridore's argument abjectly fails. Therefore, his habeas petition should be denied outright because he is not in custody.

The habeas statute clearly requires custody for a petitioner to be granted relief: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court . . . ." 28 U.S.C. §2254(a) (emphasis added). The statutory language requires that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time a habeas petition is filed in federal court. *Maleng v. Cook*, 490 U.S. 488, 490—91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The "custody requirement" of the habeas corpus statute "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on liberty." *Hensley*, 411 U.S. at 351. Though, actual imprisonment is not required for a habeas petitioner to be "in custody" for purposes of §2254(a). *See Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("Similarly, in the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). In *Jones*, the Supreme Court found parole imposed "conditions which significantly confine and restrain

10

[petitioner's] freedom; this is enough to keep [petitioner] in the 'custody' of the Virginia Parole Board within the meaning of the habeas corpus statute[.]" *Id.* at 243 (quoting *Williamson v. Gregoire*, 151 F. 3d 1180, 1183 (9th Cir. 1998)). Michigan's parole statute supports this interpretation of custody. *See* Mich. Comp. Laws § 791.238(1) ("Each prisoner on parole shall remain in the legal custody and under the control of the department."). Clearly, were Corridore currently on parole, he would be considered "in custody" and therefore entitled to habeas relief.

However, Corridore is neither imprisoned in the Michigan Department of Corrections, nor is he on parole. The only requirements currently imposed upon him as a result of his conviction are sex offender registration and lifetime electronic monitoring. Neither of these requirements relegates him to the "custody" of the State.

It is widely accepted, including in the Sixth Circuit, that sex offender registration does not constitute custody for the purpose of 28 U.S.C. § 2254. *See Leslie, v. Randle*, 296 F. 3d 518, 522 (6th Cir. 2002) ("[P]etitioner's who have completed their prison sentences but who are required to register as sex offenders do not satisfy the 'in custody'

11

requirement of 28 U.S.C. §2254."); *Wilson v. Flaherty*, 689 F. 3d 332, 333 (4th Cir. 2012) (Petitioner not in custody for purposes of habeas statute where petitioner had sex offender registration requirements as a result of his rape conviction.); *Henry v. Lungren*, 164 F. 3d 1240, 1242 (9th Cir. 1999) (Sex offender registration requirement not "severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief."). Although some sex offender reporting requirements are quite stringent, such requirements are still collateral consequences that do not restrict the petitioner's freedom of movement in a sufficient way to constitute "custody." *Hautzenroder v. Dewine*, 887 F. 3d 737, 741 (6th Cir. 2018). ("[E]ven grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody."). These requirements can include registration with law enforcement, providing personal information, and address verification. *Leslie*, 296 F. 3d at 521. And, in some jurisdictions, along with registration every ninety days, an offender can be required to "carry a sex offender identification card at all times[.]" *Wilson*, 689 F. 3d at 335. Although each in turn is potentially a "grievous collateral

12

consequence[]" such requirements are not custody. *Hautzenroder*, 887 F. 3d at 741. Corridore acknowledges that the sex offender registration requirements imposed upon him by his conviction do not render him in custody for federal habeas purposes. Yet, he fails to subsequently acknowledge that the less physically restrictive electronic monitoring requirement also does not render him in custody.

Accordingly, the Michigan lifetime electronic monitoring statute only requires that the department "track the movement and location of each individual from the time the individual is released on parole or from prison until the time of the individual's death." Mich. Comp. Laws § 791.285(1)(a). The movement and location information are recorded and may be retrieved by law the court and law enforcement upon request. Mich. Comp. Laws § 791.285(1)(b). In no way does the statute restrict Corridore's movement. In fact, the requirements are less stringent than those imposed by his sex offender registration.[2]

Put to the proper analysis, lifetime electronic monitoring, without more, is not custody. Those "federal court 'precedents that have found a

---

[2] *See* Mich. Comp. Laws § 28.725 (requiring, among other provisions, notification within three business days of any address change, change in employment, change in name, change in vehicle information, telephone number, and email address.).

13

restraint on liberty rely heavily on the notion of a physical sense of liberty—that is whether the legal disability in question somehow limits the putative habeas petitioner's movement." *Leslie*, 296 F. 3d at 522. For instance, the Ninth Circuit found no restraint on movement where petitioner could not "say that there is anywhere that the sex offender law prevents him from going." *Williamson v. Gregoire*, 151 F. 3d 1180, 1184 (9th Cir. 1998); *see also Virsnieks v. Smith*, 521 F. 3d 707, 719 (7th Cir. 2008) ("Like the statutes in place in Washington and Ohio, the Wisconsin statute itself does not limit where a registrant may move or travel within Wisconsin, within the United States or internationally."). The Sixth Circuit clearly recognizes this as well. *Leslie*, 296 F. 3d at 522 ("Leslie's ability to move to a different community or residence is therefore not conditioned on approval by a government official.") Other than requiring the offender to maintain and charge the device, this specific requirement stemming from a sex offense conviction does not restrict movement or liberty in any way. The mere fact that his movements are tracked does not necessarily mean his movements are limited. Further, at no point does the electronic monitoring statute give effect to the government's ability to curtail such movement.

14

Corridore fails to point out how the lifetime electronic monitoring requirement prevents his movement anywhere. It is far less restrictive than other notification requirements under the sex offender registration act. Similar requirements have been expressly rejected as constituting custody: "'[T]he "collateral consequences" of the petitioner's conviction—his inability to vote, engage in certain businesses, hold public office, or serve as a juror' are insufficient to satisfy the 'in custody' requirement for habeas jurisdiction." *Leslie*, 296 F. 3d at 522 (quoting *Maleng v. Cook*, 490 U.S. 488, 490—91 (1989). Further the loss of a driver's license—a loss which quite easily restricts freedom of movement far more so than lifetime electronic monitoring—does not constitute "custody." *See Westberry v. Keith*, 434 F. 2d 623 (5th Cir. 1970); *Harts v. State of Ind.*, 732 F. 2d 95 (7th Cir. 1984). Thus, lifetime electronic monitoring is not, nor should it be construed as, custody.

Corridore's reliance on cases discussing Fourth Amendment search and seizure law have absolutely no relevance here. He misconstrues any form of restraint on liberty as a form of custody. However, this is not so. Custody relies strongly on restraint of physical movement. *See Leslie*, 296 F. 3d at 522 ("[T]hat is whether the legal

15

disability in question somehow limits the putative habeas petitioner's movement.") (internal quotation omitted.); *Hautzenroder*, 887 F. 3d at 741 ("In other words, *Hautzenroder's* freedom of movement is unconstrained[.]"). Despite discussing at length Fourth Amendment jurisprudence and the perceived inconvenience of lifetime electronic monitoring, Corridore fails to address the key question of how lifetime electronic monitoring restricts his physical liberty. Instead, he seems to equate a supposed and theoretical infringement on an unrelated liberty interest as amounting to custody. His "box on the leg" and "mark of Cain" rhetoric, while provocative, are merely smoke screen for a tenuous connection between his argument and the custody requirement for habeas relief. The fact is, his argument is unavailing because it ignores the way in which courts have focused on physical restraint of liberty—i.e., *movement*—in determining whether a petitioner is in custody. His Fourth Amendment argument in no way shape or form imbues physical movement.[3] Corridore strives to craft a new form of custody, but his argument falls well short.

---

[3] Also unavailing is his argument that because lifetime electronic monitoring is a "punishment" for *ex post facto* analysis, it therefore is also "custody." This argument was expressly rejected by the Sixth

16

Therefore, this Court should dismiss Corridore's petition for habeas corpus because he is not in custody, and therefore is not entitled to any relief under 28 U.S.C. § 2254.

---

Circuit. *See Hautzenroder*, 887 F. 3d at 744 ("Whether a registration scheme is punitive for *ex post facto* purposes leaves unanswered the "in custody" question.").

## Relief Sought

For the reasons stated above, Respondent respectfully requests that this Honorable Court dismiss Corridore's petition because he is not in custody. In the alternative, if this Court denies this motion, the State requests an additional 60 days to address the merits of the claims raised in the petition.

Respectfully submitted,

Dana Nessel
Attorney General

s/Eric R. Jenkins

Assistant Attorney General
Criminal Trials and Appeals
Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
Jenkinse1@michigan.gov
P77863

Dated: October 20, 2021
AG #2021-0322385A/Corridore, Frank/USDC Mot for Dismissal of PWHC

**Certificate of Service**

I hereby certify that on October 20, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

HONORABLE PAUL D. BORMAN
MAGISTRATE JUDGE ELIZABETH A. STAFFORD
ATTORNEY FOR DEFENDANT ALONA SHARON

Respectfully submitted,

Dana Nessel
Attorney General

s/ Eric R. Jenkins

Assistant Attorney General
Criminal Trials and Appeals Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
Jenkinse1@michigan.gov
P77863