UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK CORRIDORE,

          Petitioner,                CASE NO. 2:21-cv-10834

v.

                                  PAUL D. BORMAN

HEIDI WASHINGTON,          UNITED STATES DISTRICT JUDGE

          Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION FOR DISMISSAL OF THE HABEAS PETITION,
DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE,
GRANTING A CERTIFICATE OF APPEALABILITY
ON PETITIONER'S FIRST CLAIM, AND CLOSING THIS CASE**

Petitioner Frank Corridore, acting through counsel, filed a habeas corpus

petition under 28 U.S.C. §§ 2241 and 2254. *See* Pet. at 1-2 (ECF No. 1, PageID.2-

3). The habeas petition challenges Petitioner's conviction for second-degree

criminal sexual conduct involving his young granddaughter. Petitioner's

substantive grounds for habeas relief allege that: the prosecutor's conduct

deprived him of due process and a fair trial, and counsel was ineffective for failing

to object to the conduct; his trial attorney was ineffective for several additional

reasons; and the state courts unreasonably refused to hold an evidentiary hearing

on his claims about trial counsel. *See id*. at 3-6, PageID.4-7; Brief in Support of

Pet. (ECF No. 1 at i-ii, PageID.10-11).

Respondent Heidi Washington has moved to dismiss the habeas petition. *See* Mot. to Dismiss (ECF No. 5).  She argues through counsel that Petitioner is no longer in custody for purposes of federal habeas corpus relief because he was not incarcerated or on parole when he filed his habeas petition.  *See id.* at 1-2, PageID.306-07.

Petitioner maintains that he is in custody because, even though he has completed his term of imprisonment and is no longer on parole, the state trial court sentenced him to lifetime electronic monitoring (LEM).[1]  He argues that having a monitoring device attached to his leg until his death is a severe restraint on his liberty and comparable to being in custody.  *See* Pet. at 2-3 (ECF No. 1, PageID.3-4); Brief in Support of Pet. at 10-22 (ECF No. 1, PageID.28-40); Reply to Answer at 2-13 (ECF No. 7, PageID.1897-1908).

Having carefully considered the issue, the Court agrees with Respondent that Petitioner is not "in custody" under the relevant habeas corpus statutes.  Therefore, the Court lacks jurisdiction in this case and must dismiss the habeas petition.  The

---

[1]  In Michigan, criminal sexual conduct in the second degree is punishable by imprisonment for up to fifteen years.  Mich. Comp. Laws § 750.520c(2)(a). In addition, the trial court must sentence the defendant to LEM if the sexual contact was committed by someone seventeen years old or older against someone less than thirteen years of age.  Mich. Comp. Laws § 750.520c(2)(b).  The phrase "electronic monitoring" refers to "a device by which, through global positioning system satellite or other means, an individual's movement and location are tracked and recorded."  Mich. Comp. Laws § 791.285(3).

Court, nevertheless, will grant a certificate of appealability on Petitioner's first claim so that the Court of Appeals can rule on the "in custody" issue.

## I.  Background

The charge against Petitioner arose from allegations that he inappropriately touched his granddaughter when the girl was ten years old.  In 2017, following a second jury trial in Oakland County Circuit Court,[2] Petitioner was convicted of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a) (sexual contact with a person under the age of thirteen).  *See* 3/30/17 Trial Tr. at 5 (ECF No. 6-26, PageID.1256).  The trial court sentenced Petitioner to a minimum term of one year, seven months, in prison and to a maximum term of fifteen years, with credit for thirty days.  *See* 4/27/17 Sentencing Tr. at 85 (ECF No. 6-27, PageID.1283); *see also* Judgment of Sentence (ECF No. 6-29, PageID.1337).  The court also ordered Petitioner to register as a sex offender and to comply with the requirements for LEM.  (*Id.*)

Petitioner moved for a new trial on grounds that he was denied effective assistance of counsel and that the prosecutor's conduct deprived him of a fair trial. The trial court denied Petitioner's motion because he had not shown that trial

---

[2]  Petitioner's first trial ended in a mistrial because the jury was unable to reach a verdict.  *See People v. Corridore,* No. 338670, 2019 WL 2711227, at *1, ¶ 5 (Mich. Ct. App. June 27, 2019) (unpublished); Oakland Cnty. Cir. Ct. Register of Actions (ECF No. 6-1, PageID.336).

counsel was ineffective or that the prosecutor's statements constituted plain error. *See People v. Corridore*, Op. and Order, No. 16-258556-FH (Oakland Cnty. Cir. Ct. Feb. 23, 2018).

In an appeal from his conviction, Petitioner raised several claims about his trial attorney, the admission of vouching testimony, the prosecutor's conduct, the scoring of the sentencing guidelines, and the trial court's denial of his request for an evidentiary hearing.  *See* Defendant/Appellant's Brief on Appeal at ii (ECF No. 6-30, PageID.1615).  The Michigan Court of Appeals affirmed Petitioner's conviction and determined that his sentencing claim was moot because he had fully served his minimum sentence.  *See Corridore*, 2019 WL 2711227.

Petitioner raised the same claims, minus the sentencing claim, in an application for leave to appeal in the Michigan Supreme Court.  *See* Defendant/Appellant's Application for Leave to Appeal at i (ECF No. 6-31, PageID.1783).  On April 15, 2020, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Corridore*, 505 Mich. 1022 (2020).

On October 30, 2020, Petitioner was discharged from formal parole, *see* Brief in Support of Pet. at ix (ECF No. 1, PageID.18),[3] and on April 14, 2021, he

---

[3] The website for the Michigan Department of Corrections lists Petitioner as "discharged" as of October 30, 2020.  *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=360635.

filed his habeas corpus petition.  As a preliminary matter, his first claim alleges that LEM constitutes "custody" for purposes of habeas corpus jurisdiction.  *See* Pet. at 2-3 (ECF No. 1, PageID.3-4).[4]  Petitioner's substantive grounds for relief are:  (2) the prosecutor deprived him of due process and a fair trial by encouraging the jury to convict him based on sympathy and a civic duty to protect the community; (3) trial counsel was ineffective for (a) failing to present specific and relevant testimony from an expert witness, (b) failing to object to inadmissible hearsay, (c) failing to object to vouching and for eliciting credibility opinions and vouching statements from witnesses, (d) failing to object to an expert witness's testimony, and (e) eliciting an expert opinion from a lay witness; and (4) the state courts acted unreasonably by refusing to hold an evidentiary hearing on his claims about trial counsel.  *See id*. at 3-6, PageID.4-7; Brief in Support of Pet. at i-ii (ECF No. 1, PageID.10-11).

As noted, Respondent urges the Court to dismiss the habeas petition.  She argues that Petitioner is no longer in custody for purposes of federal habeas corpus relief because Petitioner is not incarcerated or on parole, and LEM is not custody.

---

[4]  Although Petitioner states that he remains under the "twin burdens" of LEM and sex-offender registration, Brief in Support of Pet. at 10 (ECF No. 1, PageID.28), he acknowledges that registering as a sex-offender does not constitute "custody." (*Id.* at 11, PageID.29) (citing *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018)).  The Court, therefore, understands Petitioner's "in custody" argument to be based solely on the fact that he is subject to LEM.

*See* Mot. to Dismiss at 1-6, 9-10, 17-18 (ECF No. 5, PageID.306-11, 314-15, 322-23).

Petitioner argues in reply that, because Respondent does not contest habeas claims two through four, those claims are admitted.  *See* Reply at 1-2 (ECF No. 7, PageID.1896-97).  As for Petitioner's first claim regarding the "in custody" issue, Petitioner maintains that he is in custody because LEM is a significant post-release restraint on his liberty.  (*Id.* at 2-3, PageID.1897-98).  He also contends that LEM is punishment and a perpetual search, which qualify as custody for purposes of habeas jurisdiction.  (*Id.* at 9-11, PageID.1904-06.)

## II.  Discussion

Whether Petitioner is in custody is a threshold issue because a federal district court may not adjudicate a habeas petitioner's claims unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a).  "This language is jurisdictional," and Petitioner "bears the burden of establishing the existence of jurisdiction." *Hautzenroeder,* 887 F.3d at 740.

The Supreme Court has interpreted the "in custody" language in §§ 2241(c)(3) and 2254(a) to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238

(1968)). ‼So if Petitioner was not "in custody" when he filed his petition, the Court may not consider the petition.  *Hautzenroeder,* 887 F.3d at 740 (citing *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir. 2001)).

The "in custody" language does not require the petitioner to be physically confined in order to challenge a sentence in a habeas petition.  *Maleng,* 490 U.S. at 491; *see also Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (stating that "the term 'custody' is not limited solely to physical confinement").  In fact, "a person released on parole is 'in custody' for purposes of the district courts' habeas corpus jurisdiction."  *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 348 (1973) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)); *see also Sevier*, 742 F.2d at 269 (stating that "persons on parole, probation or bail may be in custody for purposes of §§ 2241 and 2254").  But both parties agree that Petitioner is no longer incarcerated or on parole.  *See* Pet. at 2 (ECF No. 1, PageID.3); Brief in Support of Pet. at ix, 10 (ECF No. 1, PageID.18, 28); Mot. to Dismiss at 2, 11 (ECF No. 5, PageID.307, 316).  The critical question then is whether being subjected to LEM qualifies as custody under the habeas statutes.

Petitioner maintains that LEM constitutes custody because LEM is a post-release restraint on his liberty, which is not shared by the general public.  *See* Reply to Answer at 3 (ECF No. 7, PageID.1898).  He points out that, due to the monitoring device attached to his leg, the Michigan Department of Corrections will

monitor and record his whereabouts until his death.  (*Id.*)  According to Petitioner, the device is a visible sign of his conviction, it is uncomfortable, it interferes with washing and sleeping, and it incurs subjugation every time he goes to an airport, a court, a government building, a swimming pool, a doctor's office, or a shoe store. (*Id.*)  He further alleges that he cannot travel to most foreign nations because few countries can monitor someone subjected to LEM.  (*Id*. at 3-4, PageID.1898-99.) Finally, he alleges that he must pay a monthly fee for the monitoring, and he is subject to a felony conviction for violating the laws governing LEM.  (*Id.* at 4, PageID.1899.)

The writ of habeas corpus is "a remedy for severe restraints on individual liberty," *Hensley*, 411 U.S. at 351, and "not all consequences that flow from a criminal conviction significantly curb one's liberty."  *Hautzenroeder*, 887 F.3d at 740.  What matters is whether the conditions and restrictions imposed on Petitioner "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do."  *Jones,* 371 U.S. at 243.  Stated differently, only conditions that "significantly confine and restrain" a petitioner's freedom are enough to hold him in custody within the meaning of the habeas corpus statutes. *Id.*; *see also In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (stating that "an individual is 'in custody' for habeas purposes when he is 'in actual, physical custody in prison or jail' *or* when he is subject to 'significant' post-release

'restraints on [his] liberty' that are 'not shared by the public generally'")

(quoting *Jones,* 371 U.S. at 238, 240, 242) (emphasis and alteration in original).

 The monitoring device that Petitioner is required to wear apparently is

uncomfortable, burdensome, and embarrassing to wear at times.  However, lifetime

supervision of sex offenders through electronic monitoring does "not severely and

immediately restrain [a habeas] petitioner's physical liberty."  *Munoz v. Smith*, 17

4th 1237, 1239 (9th Cir. 2021).  Thus, "supervisory conditions are not 'custodial'

conditions within the meaning of the federal habeas statute."  *Id.* at 1240.

 Petitioner relies on *In re Stansell*, 828 F.3d at 416, in which the Sixth Circuit

stated that "[i]ndividuals subject to post-release control, like individuals subject to

supervised release in the federal system, satisfy the 'in custody' requirement."  In

*Doe v. Bredesen*, 507 F.3d 998, 1005 (6th Cir. 2007), however, the Sixth Circuit

agreed with the district court that a Tennessee statute which authorized

surveillance of sex offenders through a GPS device did "not constitute an

affirmative disability or restraint," given the state legislature's intent to use the

latest technological solutions to monitor and track serious criminal offenders and

violent sex offenders.

 In *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002), the Sixth Circuit

concluded that the classification, registration, and community notification

provisions of an Ohio sexual-predator statute were "more analogous to collateral

consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole." *Id*. at 523.  And in *Hautzenroeder*, the Sixth Circuit concluded that the habeas petitioner was not in custody because her freedom of movement was unconstrained, despite her obligation to comply with sex-offender registration and notification laws. 887 F.3d at 741.

*Doe, Leslie,* and *Hautzenroeder* tend to support the conclusion that monitoring a sex offender through global positioning (GPS) is a "collateral consequence[] that do[es] not establish custody for federal habeas purposes." *Chunn v. First Appellate Dist. Court,* No. C 14-5102, 2015 WL 5461558, at *2 (N.D. Cal. Sept. 15, 2015).  "[E]ven grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody."  *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987); *see also Chunn*, 2015 WL 5461558, at *2 (stating that "[a]n absence of custody at the time of filing . . . cannot be cured by even the most grievous collateral consequences stemming from the conviction under attack since the court is without subject matter jurisdiction").

Although Petitioner maintains that LEM invades his privacy and amounts to punishment and a perpetual search, the Court's concern is whether LEM subjects him to a severe restraint on his liberty, and whether LEM invades Petitioner's privacy, is a search, or is punitive in nature leaves the "in custody" question

unanswered.  *See Hautzenroeder*, 887 F.3d at 744.  Further, Petitioner is not

foreclosed from litigating his constitutional arguments in a non-habeas proceeding.

*Id.* (citing Circuit Judge Clay's concurring opinion in *Leslie*, 296 F.3d at 523).

### III.  Conclusion and Order

Petitioner has not demonstrated that LEM is a severe restraint on his liberty,

such that he is "in custody" for purposes of the habeas statutes.  Therefore, his

claims are not cognizable in a federal habeas corpus action, and the Court lacks

jurisdiction to adjudicate his habeas petition.  *Munoz,* 17 F.4th at 1239-40.

Respondent's motion to dismiss (ECF No. 5) is **GRANTED**, and the habeas

petition (ECF No. 1) is **DISMISSED** without prejudice.

The Court, nevertheless, **GRANTS** a certificate of appealability on

Petitioner's first claim as to whether Petitioner is in custody for purposes of habeas

relief and whether this Court properly granted Respondent's motion to dismiss the

petition.  *Cf. Hautzenroeder*, 887 F.3d at 740.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
Dated: March 25, 2022                    UNITED STATES DISTRICT JUDGE

.

11